**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| Seth Cunha, *on behalf of himself and all others similarly situated*,<br><br>Plaintiff<br><br>v.<br><br>Bluestem Brands, Inc. d/b/a Fingerhut,<br><br>Defendant. | NO.:  4:14-CV-5114<br><br>**CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO 47 U.S.C. § 227,** *et seq*. **(TELEPHONE CONSUMER PROTECTION ACT)**<br><br>**Demand for Jury Trial** |

For this Class Action Complaint, Plaintiff, Seth Cunha, by and through his undersigned counsel, pleading on his own behalf and on behalf of all others similarly situated, states as follows:

**INTRODUCTION**

1. Plaintiff, Seth Cunha ("Plaintiff"), brings this class action for damages resulting from the illegal actions of Bluestem Brands, Inc. d/b/a Fingerhut ("Bluestem" or "Defendant").  Defendant negligently, knowingly, and/or willfully placed automated calls to Plaintiff's cellular phone in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* (the "TCPA").

2. Defendant is a privately held finance company that specializes in retail installment contracts.

**CLASS ACTION COMPLAINT**

3.  As part of its servicing of retail installment contracts, Defendant uses automated dialing systems to bombard unsuspecting consumers who have no relationship with it with automated calls.

4.  Plaintiff is such a consumer and seeks relief for himself and all others similarly situated for Defendant's unlawful behavior.

**JURISDICTION AND VENUE**

5.  This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1331. *Mims v. Arrow Fin. Serv., LLC*, 132 S.Ct. 740, 751-53 (2012).

6.  Jurisdiction in this District is proper pursuant to 28 U.S.C. § 1332(d)(2), as Plaintiff seeks up to $500 in damages for each violation of the TCPA, which when aggregated among a proposed class numbering more than a thousand members, exceeds the $5,000,000.00 threshold for federal court jurisdiction. Plaintiff also alleges two national classes which will result in at least one class member residing in a different state.

7.  Venue is proper in this District. Plaintiff resides in this District, and a significant portion of the acts complained of here in took place in this District.

**PARTIES**

8.  Plaintiff is, and at all times mentioned herein was, an adult individual residing in Walla Walla, Washington.

9.  Plaintiff has never had a business relationship with Defendant and never consented to be contacted by Defendant on his cellular telephone.

10. Defendant is, and at all times mentioned herein was, a Minnesota business entity headquartered in Eden Prairie, Minnesota.

CLASS ACTION COMPLAINT

THOMAS MCAVITY
2225 NE ALBERTA, STE A
PORTLAND OR 97211
Tel: 206-674-4559
Facsimile: 866.241.4176

## THE TELEPHONE CONSUMER PROTECTION ACT OF 1991

11. The TCPA regulates, among other things, the use of automatic telephone dialing systems.

12. 47 U.S.C. § 227(a)(1) defines an automatic telephone dialing system ("ATDS") as equipment having the capacity –

> (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and
>
> (B) to dial such numbers.

13. Specifically, 47 U.S.C. § 227(1)(A)(iii) prohibits any call using an ATDS or an artificial or prerecorded voice to a cellular phone without prior express consent by the person being called, unless the call is for emergency purposes.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

14. In or around September 2013, Defendant began placing calls to Plaintiff's cellular telephone number, 509-xxx-4015.

15. Defendant placed the calls to Plaintiff from number 855-636-3695.

16. When answering Defendant's calls, Plaintiff heard a period of silence before a live representative came on the line. Each time, the representative would tell Plaintiff that Defendant was attempting to reach "Kevin". Each time, Plaintiff would tell the representative that he did not know "Kevin", and that he could not be reached at Plaintiff's cellular phone number. Nonetheless, Defendant continued to call Plaintiff.

17. Defendant obtained Plaintiff's telephone number through unknown means.

18. At no time did Plaintiff ever provide his cellular phone number to Defendant.

19. At no time did Plaintiff ever enter into a business relationship with Defendant.

20. At no time did Plaintiff provide Defendant with prior written consent allowing it to

CLASS ACTION COMPLAINT

THOMAS MCAVITY
2225 NE ALBERTA, STE A
PORTLAND OR 97211
Tel: 206-674-4559
Facsimile: 866.241.4176

call his cellular phone.

21.     The calls placed to Plaintiff's cellular phone were made with an ATDS.

22.     Defendant employs an ATDS which meets the definition set forth in 47 U.S.C. § 227(a)(1), and used its ATDS to make each of the aforementioned calls to Plaintiff on his cellular phone.

23.     The Federal Communications Commission has defined ATDS, under the TCPA, to include "predictive dialers." *See In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 23 F.C.C.R. 559, at ¶ 12, 2008 WL 65485 (F.C.C.) (2008).

24.     Defendant's telephone system has all the earmarks of a predictive dialer. When Defendant called Plaintiff, there was a period of silence before Defendant's telephone system would connect Plaintiff to live person.

25.     Defendant's calls to Plaintiff's cellular telephone were not for "emergency purposes."

## CLASS ACTION ALLEGATIONS

**A.**  *The Classes*

26.     Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of himself and all others similarly situated.

27.     Plaintiff represents, and is a member of the following classes:

**Class A:** **All persons within the United States who received any telephone calls from Defendant or their agent/s and/or employee/s to said person's cellular telephone made through the use of any automatic telephone dialing system within the four years prior to the filing of the Complaint where the Defendant obtained the cellular telephone number from a third party and not the called party.**

**Class B:** **All persons within the United States who received any telephone calls from Defendant or their agent/s and/or employee/s to said person's cellular telephone made through the use of any automatic telephone dialing system within the four years prior to the filing of the Complaint where the called party was not the person Defendant was trying to reach.**

CLASS ACTION COMPLAINT

28. Defendant and its employees or agents are excluded from the Classes. Plaintiff does not know the number of members in the Classes, but believes the Class members number in the several thousands, if not more. Thus, this matter should be certified as a class action to assist in the expeditious litigation of this matter.

29. This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the Classes, and it expressly is not intended to request any recovery for personal injury and claims related thereto. Plaintiff reserves the right to modify or expand the Class definitions to seek recovery on behalf of additional persons as facts are learned through further investigation and discovery.

**B.** *Numerosity*

30. Upon information and belief, Defendant has placed automated calls to cellular telephone numbers belonging to thousands of consumers throughout the United States without their prior express consent. The members of the Classes, therefore, are believed to be so numerous that joinder of all members is impracticable.

31. The exact number and identities of the Class members are unknown at this time and can only be ascertained through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant's call records.

**C.** *Common Questions of Law and Fact*

32. There are questions of law and fact common to the Classes that predominate over any questions affecting only individual Class members. These questions include:

   a. Whether Defendant made non-emergency calls to Plaintiff and Class members' cellular telephones using an ATDS;

   b. Whether Defendant can meet its burden of showing it obtained prior express

CLASS ACTION COMPLAINT

THOMAS MCAVITY
2225 NE ALBERTA, STE A
PORTLAND OR 97211
Tel: 206-674-4559
Facsimile: 866.241.4176

consent to make each call;

    c.    Whether Defendant's conduct was knowing willful, and/or negligent;

    d.    Whether Defendant is liable for damages, and the amount of such damages; and

    e.    Whether Defendant should be enjoined from such conduct in the future.

33.    The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendant routinely places automated calls to telephone numbers assigned to cellular telephone services is accurate, Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

**D.  *Typicality***

34.    Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

**E.  *Protecting the Interests of the Class Members***

35.    Plaintiff will fairly and adequately protect the interests of the Classes and has retained counsel experienced in handling class actions and claims involving unlawful business practices. Neither Plaintiff nor his counsel has any interests which might cause them not to vigorously pursue this action.

**F.  *Proceeding Via Class Action is Superior and Advisable***

36.    A class action is the superior method for the fair and efficient adjudication of this controversy. The interest of Class members in individually controlling the prosecutions of separate claims against Bluestem is small because it is not economically feasible for Class members to bring individual actions.

37.    Management of this class action is unlikely to present any difficulties. Several courts have certified classes in TCPA actions. These cases include, but are not limited to: *Mitchem v. Ill.*

*Collection Serv.*, 271 F.R.D. 617 (N.D. Ill. 2011); *Sadowski v. Med1 Online, LLC*, 2008 WL 2224892 (N.D. Ill., May 27, 2008); *CE Design Ltd. V. Cy's Crabhouse North, Inc.*, 259 F.R.D. 135 (N.D. Ill. 2009); *Lo v. Oxnard European Motors, LLC*, 2012 WL 1932283 (S.D. Cal., May 29, 2012).

## COUNT I
### Negligent Violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*

38. Plaintiff repeats and realleges the above paragraphs of this Complaint and incorporates them herein by reference.

39. Defendant negligently placed multiple automated calls to cellular numbers belonging to Plaintiff and the other members of the Classes without their prior express consent.

40. Each of the aforementioned calls by Defendant constitutes a negligent violation of the TCPA.

41. As a result of Defendant's negligent violations of the TCPA, Plaintiff and the Classes are entitled to an award of $500.00 in statutory damages for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

42. Additionally, Plaintiff and the Classes are entitled to and seek injunctive relief prohibiting such conduct by Defendant in the future.

## COUNT II
### Knowing and/or Willful Violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*

43. Plaintiff repeats and realleges the above paragraphs of this Complaint and incorporates them herein by reference.

44. Defendant knowingly and/or willfully placed multiple automated calls to cellular numbers belonging to Plaintiff and the other members of the Classes without their prior express consent.

CLASS ACTION COMPLAINT

THOMAS MCAVITY
2225 NE ALBERTA, STE A
PORTLAND OR 97211
Tel: 206-674-4559
Facsimile: 866.241.4176

45. Each of the aforementioned calls by Defendant constitutes a knowing and/or willful violation of the TCPA.

46. As a result of Defendant's knowing and/or willful violations of the TCPA, Plaintiff and the Classes are entitled to an award of treble damages up to $1,500.00 for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

47. Additionally, Plaintiff and the Classes are entitled to and seek injunctive relief prohibiting such conduct by Defendant in the future.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court grant Plaintiff and the Classes the following relief against Defendant:

1. Injunctive relief prohibiting such violations of the TCPA by Defendant in the future;
2. Statutory damages of $500.00 for each and every call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B);
3. Treble damages of up to $1,500.00 for each and every call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(C);
4. An award of attorney's fees and costs to counsel for Plaintiff and the Classes; and
5. Such other relief as the Court deems just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: October 22, 2014

By: Tom McAvity
Thomas McAvity, WSBA# 35197
Northwest Debt Relief Law Firm
2225 NE Alberta Suite A
Portland, OR 97211
206-674-4559

CLASS ACTION COMPLAINT

THOMAS MCAVITY
2225 NE ALBERTA, STE A
PORTLAND OR 97211
Tel: 206-674-4559
Facsimile: 866.241.4176